IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

OAK VALLEY INVESTMENTS, L.P.,          :
                                       :
              Plaintiff,               :
                                       :
vs.                                    :
                                       :
VAL E. SOUTHWICK, VESCOR CAPITAL       :
CORP., VESCOR DEVELOPMENT, LLC,        :
SHAWN H. MOORE, VESCORP CAPITAL,       :
LLC, APEX HOLDING 1, LLC, APEX         :
HOLDING 2, LLC, APEX HOLDING 3, LLC,   :
APEX HOLDING 4, LLC, APEX              :
HOLDING 5, LLC, APEX HOLDING 6, LLC,   :
and APEX HOLDING 23, LLC,              :
                                       :
              Defendants and Third-Party :
              Plaintiffs,              :
                                       :
vs.                                    :
                                       :
BRIAN Y. HORNE and DOES 1 through 10,  :
                                       :
              Third-Party Defendants.  :
_____ :
JONATHAN H. HORNE, M.D., as Trustee for :
Jonathan H. Horne, M.D., P.C. Retirement Plan :
Trust Fund,                            :
                                       :
              Plaintiff,               :
                                       :
vs.                                    :
                                       :
VAL E. SOUTHWICK, VESCOR CAPITAL       :
CORP., VESCOR DEVELOPMENT, LLC,        :
APEX MM, INC., SHAWN MOORE,            :
VESCORP CAPITAL, LLC, and VEGAS        :

**MEMORANDUM DECISION and
ORDER GRANTING MOTION TO
COMPEL DISCOVERY RESPONSES
and INITIAL DISCLOSURES**


Civil No. 2:06-CV-737 DB

District Judge Dee Benson

Magistrate Judge David Nuffer

VISTA 6, LLC,                                    :
                                                 :
            Defendants and Third-Party           :
            Plaintiffs,                          :
                                                 :
vs.                                              :
                                                 :
BRIAN Y. HORNE and DOES 1 through 10,            :
                                                 :
            Third-Party Defendants.

---

        Plaintiffs Jonathan Horne, Trustee (Horne) and Oak Valley Investments, L.P. (Oak

Valley) filed  motions to compel initial disclosures.[1]  Additionally, Horne moves to compel

discovery responses.[2]

## Initial Disclosures

         Defendants concede that formal initial disclosures were not prepared, but claim that

former counsel, Mr. Phil Smith, provided the documents comprising defendants' initial

disclosures.[3]  Plaintiffs do not believe that the documents Smith produced can substitute for

defendants' initial disclosures.  Smith did not file a certificate of service of initial disclosures and

did not advise plaintiffs that the documents produced were defendants' initial disclosures.[4]

---

[1] Docket nos. 142 and 144, filed 4/27/07.

[2] Docket no. 142.

[3] Defendants' Response to Plaintiff Jonathan H. Horne, Trustee's Motion to Compel Discovery Responses
and Initial Disclosures (Response) at 4-5, docket no. 174, filed 6/4/07; *See also* Defendants' Response to Plaintiff
Oak Valley's Motion to Compel Initial Disclosures, docket no. 175, filed 6/4/07 (in which defendants incorporate
and rely upon their response in docket 174).

[4] Jonathan H. Horne, Trustee's Reply Memorandum in Support of Motion to Compel (Reply) at 5, docket
no. 182, filed 6/6/07; *see also* Reply Memorandum in Support of Oak Valley Investments, L.P.'s Motion to Compel
Initial Disclosures, docket no. 181, filed 6/6/07.

Initial disclosures are required under Rule 26 of the Federal Rules of Civil Procedure.[5]

Therefore, Defendants shall serve formal initial disclosures to Plaintiffs as requested.

## Discovery Responses

Horne seeks responsive answers to the following interrogatories (shown here with the

responses already provided by Defendants):

> INTERROGATORY NO. 1: Provide a complete accounting of all funds received by you for investment in Vegas Vista, including specifically the funds underlying the Investment.
>
> RESPONSE: Defendants object to this interrogatory because it is vague and ambiguous. Without waiving this objection, defendants will provide plaintiff with a statement of the sources and uses of the funds plaintiffs invested in Vegas Vista VI LLC.
>
> REQUEST NO. 3: From 1994 to the present date, identify all legal actions to which you were a party as a defendant, or counterclaim defendant. With regard to each litigation, identify all parties to the litigation, the case number and court in which the case was filed, describe the dispute, and the resolution of the dispute.
>
> RESPONSE: Defendants object to this interrogatory because it is overly broad and unduly burdensome, and because the information sought is irrelevant to any issue in this case and not reasonably calculated to lead to discovery of admissible evidence.
>
> REQUEST NO. 4: From January 1994 to the present date, if there have been any complaints filed against you with the State of Utah, Securities Division, identify the individuals or entities filing the complaint, summarize the dispute, and the resolution of the dispute, if any, and identify all documents relating to the resolution of the dispute.
>
> RESPONSE: Defendants object to this interrogatory because it is overly broad and unduly burdensome, and because the information

---

[5] *See* Fed. R. Civ. P. 26(a)(1) ("a party ***must*** . . . provide to other parties . . .") (emphasis added).

sought is irrelevant to any issue in this case and not reasonably
calculated to lead to discovery of admissible evidence.[6]

As to Interrogatory 1, defendants argue that the term "'accounting' is vague and
ambiguous and subject to many interpretations."[7]  They further acknowledge that they agreed to
provide a limited response, but were unable to do so because the information was under the
control of another company, FTI, a restructuring specialist.[8]  "In addition, defendants intend
to produce some 5,000 pages of Vegas Vista records which defendants believe contain the best
available information regarding this issue."[9]

To clarify the "accounting" term, Horne explains that "his request for an accounting is
specifically directed to the disposition of his $600,000 investment. In simple terms, what did
defendants do with Horne's money?"[10]  Further, Horne asserts that a 5,000 page "document
dump is unacceptable," and is not the "best information regarding this issue."[11]  Horne is entitled
to an accounting of his investment funds.

Interrogatories 3 and 4 are both reasonable and relevant.  They are narrowly tailored.
Defendants shall respond to those interrogatories with any information that is within their

---

[6]Memorandum of Points and Authorities in Support of Plaintiff Jonathan H. Horne, Trustee's Motion to
Compel Discovery Responses and Initial Disclosures (Memorandum) at 3-4, docket no. 143; *see also* Response at 2-
3.

[7]Response at 2.

[8]*Id.*

[9]*Id.*

[10]Reply at 3.

[11]*Id.* at 4.

possession, custody or control.  Further, all interrogatory responses shall be signed as required by Rule 33.[12]

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motions to Compel[13] are GRANTED.

On or before August 1, 2007, defendants shall provide formal initial disclosures to Jonathan H. Horne, Trustee and Oak Valley Investments, L.P.

On or before August 1, 2007, defendants shall provide complete and verified responses to Interrogatories numbered 1, 3 and 4.  Defendants are warned that failure to comply with an order compelling discovery may result in sanctions which may include dismissal of claims and monetary relief.

IT IS FURTHER ORDERED that on or before August 1, 2007, the movant may submit proof of expenses including attorneys fees incurred in this motion and on or before August 10, 2007 any response may be filed.

DATED this 17th day of July, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[12]"The answers are to be signed by the person making the, and the objections signed by the attorney making them."  Fed. R. Civ. P. 33(b)(2).

[13]Docket nos. 142 and 144.