IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OAK VALLEY INVESTMENTS, L.P., : <br> : <br> Plaintiff, : <br> vs. : <br> : <br> VAL E. SOUTHWICK, VESCOR CAPITAL : <br> CORP., VESCOR DEVELOPMENT, LLC, : <br> SHAWN H. MOORE, VESCORP CAPITAL, : <br> LLC, APEX HOLDING 1, LLC, APEX : <br> HOLDING 2, LLC, APEX HOLDING 3, LLC, : <br> APEX HOLDING 4, LLC, APEX : <br> HOLDING 5, LLC, APEX HOLDING 6, LLC, : <br> and APEX HOLDING 23, LLC, : <br> : <br> Defendants and Third-Party : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> BRIAN Y. HORNE and DOES 1 through 10, : <br> : <br> Third-Party Defendants. : <br> _____ : <br> JONATHAN H. HORNE, M.D., as Trustee for : <br> Jonathan H. Horne, M.D., P.C. Retirement Plan : <br> Trust Fund, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> VAL E. SOUTHWICK, VESCOR CAPITAL : <br> CORP., VESCOR DEVELOPMENT, LLC, : <br> APEX MM, INC., SHAWN MOORE, : <br> VESCORP CAPITAL, LLC, and VEGAS : | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO COMPEL DOCUMENT PRODUCTION** <br><br> Civil No. 2:06-CV-737 DB <br><br> District Judge Dee Benson <br><br> Magistrate Judge David Nuffer |

| | |
|---|---|
| VISTA 6, LLC, | : |
| | : |
|     Defendants and Third-Party Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| BRIAN Y. HORNE and DOES 1 through 10, | : |
| | : |
|     Third-Party Defendants. | |

Currently before the court is Plaintiff Jonathan Horne, Trustee's (Horne) Motion to Compel Document Production.[1] Specifically, Horne seeks to compel Defendants to produce relevant responsive documents they said they would produce to the following requests:

> REQUEST NO. 6: All documents constituting, referring, evidencing, or relating to the acquisition and development of any real property by Vegas Vista.
>
> RESPONSE: Defendants object to this request because it is overly broad and unduly burdensome, and seeks information which is irrelevant to any issue in this case and not reasonably calculated to lead to discovery of admissible evidence and as unduly oppressive, burdensome and harassing. Without waiving these objections, Defendants will make available for inspection and copying responsive non-privileged documents relating to Vegas Vista VI LLC.
>
> REQUEST NO. 12: All documents which evidence, relate to, or constitute the use and/or disposition of the funds invested by plaintiff, which are the subject of this complaint.
>
> RESPONSE: Responsive, non-privileged documents will be produced.[2]

---

[1] Docket nos. 159, filed 5/9/07.

[2] Memorandum of Points and Authorities in Support of Plaintiff Jonathan H. Horne, Trustee's Motion to Compel Document Production (Memorandum in Support) at 3, docket no. 160.

Although Defendants produced numerous documents, Horne asserts that "none of the documents produced were responsive to the specific requests"[3] because none of the documents relate to real property owned by Vegas Vista or the disposition of Horne's investment.

In Defendants' response[4] to this motion, they incorporated and relied upon their response to Horne's Motion to Compel Discovery Responses and Initial Disclosures.[5]  That response does not specifically address requests for document production or Request no. 6 and Request no. 12.  But Defendants' reasons for not providing a response to Interrogatory no. 1 could be relevant to these document requests.  In Defendants' response to that other motion to compel, Defendants said they could not provide a response because "defendants' information was all in the control of FTI, a restructuring specialist which had been called in to assist in restructuring the companies."[6]  Ample time has passed and Defendants should have access to the information as well as the results of FTI's work to enable them to produce the requested documents.

Defendant's also said they would produce the general ledger for Vegas Vista VI and approximately 5,000 pages of Vegas Vista records.[7]  While the production of the general ledger and records may be helpful, it is not responsive to Horne's requests which ask for information regarding real property and disposition and use of Horne's investment funds.  Defendants must now produce the responsive, non-privileged documents they said they would provide in their

---

[3]*Id.* at 4.

[4]Defendant's Response to Plaintiff Jonathan H. Horne's Motion to Compel Document Production (Response), docket no. 176.

[5]Docket no. 174.

[6]*Id.* at 2.

[7]*Id.*

response to the requests.

## ORDER

IT IS HEREBY ORDERED that the Motion to Compel Document Production[8] is GRANTED and Defendants shall produce documents responsive to Request nos. 6 and 12 on or before August 1, 2007. Defendants are warned that failure to comply with an order compelling discovery may result in sanctions which may include dismissal of claims and monetary relief.

IT IS FURTHER ORDERED that on or before August 1, 2007, the movant may submit proof of expenses including attorneys fees incurred in this motion and on or before August 10, 2007 any response may be filed.

DATED this 17th day of July, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[8] Docket no. 159.