IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OAK VALLEY INVESTMENTS, L.P., | |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO UNSEAL THE RECORD AND TO STRIKE DEFENDANTS' BROAD DESIGNATION OF DOCUMENTS AS CONFIDENTIAL** |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, SHAWN H. MOORE, VESCORP CAPITAL, LLC, APEX HOLDING 1, LLC, APEX HOLDING 2, LLC, APEX HOLDING 3, LLC, APEX HOLDING 4, LLC, APEX HOLDING 5, LLC, APEX HOLDING 6, LLC, and APEX HOLDING 23, LLC, | |
| | Civil No. 2:06-CV-737 DB |
| | District Judge Dee Benson |
| Defendants and Third-Party Plaintiffs, | Magistrate Judge David Nuffer |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |
| JONATHAN H. HORNE, M.D., as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund, | |
| Plaintiff, | |
| vs. | |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, APEX MM, INC., SHAWN MOORE, VESCORP CAPITAL, LLC, and VEGAS VISTA 6, LLC, | |
| Defendants and Third-Party | |

|                                          |   |
|------------------------------------------|---|
| Plaintiffs,                              | : |
|                                          | : |
| vs.                                      | : |
|                                          | : |
| BRIAN Y. HORNE and DOES 1 through 10,    | : |
|                                          | : |
| Third-Party Defendants.                  |   |

Currently before the court is Plaintiffs' Motion to Unseal the Record and to Strike Defendants' Broad Designation of Documents as Confidential.[1] Corporate Defendants VesCor Capital Corp., VesCor Development, LLC, VesCorp Capital, LLC, Apex Holdings 1-6 & 23, LLC, Apex MM, Inc., and Vegas Vista 6, LLC responded to the motion,[2] but Defendant Val E. Southwick did not file a response.

## Unseal the Record

Plaintiffs request to unseal the transcript for the December 21, 2006, asserting that the reasons for having it sealed have passed now that Southwick's deposition has occurred, and the deposition is not sealed.[3] Corporate Defendants did not address this issue in their response. Accordingly, that request is granted.

---

[1] Docket nos. 148, filed 5/1/07.

[2] Corporate Defendants' Response to Plaintiffs' Motion to Unseal the Record and to Strike Defendants' Broad Designation of Documents as Confidential (Response), docket no. 162, filed 5/16/07.

[3] Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Unseal the Record and to Strike Defendants' Broad Designation of Documents as Confidential (Memorandum) at 2-3, docket no. 151.

**Broad Designation of Confidential Documents**

Defendants have asserted a blanket claim of confidentiality by labeling as confidential two CDs containing 4,423 documents.[4] Plaintiffs argue that Defendants have thereby abused the protective order. As an example, Plaintiffs have attached a document included in the confidential production that is a document which is already part of the public record.[5] Through this motion, Plaintiffs ask "the Court to impose an obligation on defendants to make a meaningful effort to identify only those documents which defendants deem confidential."[6] This obligation is inherent in Defendants' duties under the protective order.[7] Further, the burden of showing the need for confidential treatment falls on the Defendants. Defendants will be given reasonable time to designate which documents are truly confidential.

**ORDER**

IT IS HEREBY ORDERED that the Motion[8] is GRANTED. The Court STRIKES the broad designation of all documents on the CDs as confidential and Defendants shall have until **August 10, 2007** to designate which individual documents should be treated as confidential.

---

[4] Reply Memorandum in Support of Plaintiffs' Motion to Unseal the Record and to Strike Defendants' Broad Designation of Documents as Confidential (Reply) at 4, docket no. 165.

[5] *Id.* and attached Exhibit B.

[6] *Id.* at 4.

[7] Docket no. 88.

[8] Docket no. 148.

The portion of the Order Granting to Unseal the Record of the December 21, 2006 is STAYED until August 10, 2007 and, if any objection to this Order is filed, and during the pendency of such an objection before the District Judge.

DATED this 24th day of July, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge