IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| OAK VALLEY INVESTMENTS, L.P., :<br>:<br>      Plaintiff, :<br>:<br>vs. :<br>:<br>VAL E. SOUTHWICK, VESCOR CAPITAL :<br>CORP., VESCOR DEVELOPMENT, LLC, :<br>SHAWN H. MOORE, VESCORP CAPITAL, :<br>LLC, APEX HOLDING 1, LLC, APEX :<br>HOLDING 2, LLC, APEX HOLDING 3, LLC, :<br>APEX HOLDING 4, LLC, APEX :<br>HOLDING 5, LLC, APEX HOLDING 6, LLC, :<br>and APEX HOLDING 23, LLC, :<br>:<br>      Defendants and Third-Party :<br>      Plaintiffs, :<br>:<br>vs. :<br>:<br>BRIAN Y. HORNE and DOES 1 through 10, :<br>:<br>      Third-Party Defendants. :<br>_____ :<br>JONATHAN H. HORNE, M.D., as Trustee for :<br>Jonathan H. Horne, M.D., P.C. Retirement Plan :<br>Trust Fund, :<br>:<br>      Plaintiff, :<br>:<br>vs. :<br>:<br>VAL E. SOUTHWICK, VESCOR CAPITAL :<br>CORP., VESCOR DEVELOPMENT, LLC, :<br>APEX MM, INC., SHAWN MOORE, :<br>VESCORP CAPITAL, LLC, and VEGAS :  | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO COMPEL TESTIMONY and PRODUCTION OF DOCUMENTS BY INVESTMENT MANAGEMENT CORPORATION and BRIAN HORNE**<br><br>Civil No. 2:06-CV-737 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

| | |
|---|---|
| VISTA 6, LLC, | : |
| | : |
|     Defendants and Third-Party Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| BRIAN Y. HORNE and DOES 1 through 10, | : |
| | : |
|     Third-Party Defendants. | |

Plaintiffs move the Court to order Brian Horne and non-party Investment Management Corporation (IMC) to produce documents pursuant to a subpoena duces tecum, and to answer relevant questions presented during their depositions.[1] IMC and Horne object arguing that "IMC produced everything requested by plaintiffs with the exception of confidential customer records."[2] Defendants further assert that any complaints regarding Brian Horne's testimony should have been resolved by his deposition on April 24 and May 7, 2007.[3]

Plaintiffs concede that the issue regarding questions IMC refused to answer at its 30(b)(6) deposition "has been rendered moot by the later deposition of Brian Horne."[4] Plaintiffs still assert, however, that IMC's communications to its clients about Southwick investment products

---

[1] Plaintiffs' Motion to Compel Testimony and Production of Documents by Investment Management Corporation and Brian Horne, docket no. 149, filed 5/1/07.

[2] Memorandum in Opposition to Plaintiffs' Motion to Compel Testimony and Production of Documents by Investment Management Corporation and Brian Horne (Opposition) at 2, docket no. 161, filed 5/11/07.

[3] *Id*. at 4.

[4] Reply Memorandum in Support of Plaintiffs' Motion to Compel Testimony and Production of Documents by Investment Management Corporation (Reply) at 2, docket no. 163, filed 5/18/07.

– and the identities of those clients – is relevant to these proceedings.[5]  Plaintiffs also dispute Brian Horne's assertion that IMC had nothing to do with the investment transaction at issue in this case and have filed a NASD claim against IMC and Brian Horne for their role in the transaction.

> Specifically, plaintiffs have alleged the following: (1) plaintiffs have a brokerage account at IMC; (2) Brian Horne is the president of IMC, and plaintiffs' investment advisor; (3) Brian Horne, and all other brokers of IMC are required to run all securities transactions through IMC; (4) IMC and its brokers have a long history of selling Southwick investment products; (5) IMC had been advised that Southwick was under investigation by the Utah Division of Securities, and in connection with that investigation had agreed, pending the investigation, not to sell securities to Utah investors; (6) notwithstanding this standstill agreement, brokers at IMC, including its two owners, Kevin Kunz and Brian Horne, continue to sell Southwick investment products; (7) Brian Horne introduced plaintiffs to Southwick and plaintiffs eventually purchased $3 million of securities from Southwick; and (8) Kunz and Brian Horne failed to disclose significant material facts regarding the character, litigious history, and pending securities investigations and prohibitions against Southwick and his companies.[6]

The documents requested under Paragraphs 4 and 5 of the subpoena duces tecum[7] may be relevant to the claims and defenses in this case, and may identify persons having knowledge of discoverable matter.  However, Defendants are concerned about the harm that may be caused to IMC and its customers should the information be revealed.[8]  This is a valid concern regarding the

---

[5]*Id.*

[6]*Id.* at 3.

[7]The subpeona duces tecum is attached as Exhibit A to Memorandum in Support of Plaintiffs' Motion to Compel Testimony and Production of Documents by Investment Management Corporation and Brian Horne, docket no. 150, filed 5/1/07.

[8]Opposition at 5.

protection of customer relations from damage because of pre-trial discovery.[9] The court will balance the need for information and the need for protection by limiting access to the information until there is some demonstration of the usefulness of the information in this case.

## ORDER

IT IS HEREBY ORDERED that the Motion to Compel [10] is GRANTED in that IMC must provide information responsive to Paragraphs 4 and 5 of the subpoena duces tecum.

IT IS FURTHER ORDERED that he information shall be protected in the following manner:

    a.    Brian Horne and/or IMC may designate as CONFIDENTIAL – ATTORNEYS EYES ONLY any information which would reveal customer identities; and

    b.    Until further order of the court,

        i.    Such information shall only be made available to Plaintiffs' counsel of record in this case who shall not make any use of such information for any purpose outside this litigation;

        ii.    Plaintiffs' counsel are specifically prohibited from contacting any of the customers identified in the information until further order of the court, upon motion, notice and hearing; and

        iii.    Any court filings containing such information shall be made under seal.

---

[9] *See Murata Mfg. Co. v. Bel Fuse Inc.*, No. 03 C 2934, 2004 WL 1194740 (N.D. Ill. May 25, 2004).

[10] Docket no. 149.

c. Plaintiffs' counsel are specifically warned that the potential damage from violation of this protective order is significant, and that violation of the order may include significant remedies, such as damages, contempt remedies, and dismissal of claims.

DATED this 24th day of July, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge