IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OAK VALLEY INVESTMENTS, L.P., | |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION and ORDER GRANTING IN PART MOTION TO COMPEL DISCOVERY** |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, SHAWN H. MOORE, VESCORP CAPITAL, LLC, APEX HOLDING 1, LLC, APEX HOLDING 2, LLC, APEX HOLDING 3, LLC, APEX HOLDING 4, LLC, APEX HOLDING 5, LLC, APEX HOLDING 6, LLC, and APEX HOLDING 23, LLC, | Civil No. 2:06-CV-737 DB |
| | District Judge Dee Benson |
| | Magistrate Judge David Nuffer |
| Defendants and Third-Party Plaintiffs, | |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |
| JONATHAN H. HORNE, M.D., as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund, | |
| Plaintiff, | |
| vs. | |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, APEX MM, INC., SHAWN MOORE, VESCORP CAPITAL, LLC, and VEGAS VISTA 6, LLC, | |
| Defendants and Third-Party Plaintiffs, | |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |

Plaintiff, Oak Valley Investments, L.P. (Oak Valley) filed a motion to compel discovery and request for sanctions.[1] The motion is apparently against all defendants except Shawn Moore.[2] These defendants are Val Southwick and entities referred to by both parties as the Corporate Defendants. Plaintiff complains "[t]he responses thus far are so inadequate that it is evidence of bad faith on defendants' part."[3] Plaintiff requests that Southwick and the Corporate Defendants be ordered to fully respond to the discovery requests and that the court order that failure to fully respond in a timely matter would result in the answer of these defendants being stricken.[4] Additionally, Plaintiff requests an award of expenses, including attorneys fees, incurred in the motion.[5]

## Procedural History

Discovery requests were served on April 30, 2007.[6] Southwick and the Corporate Defendants concede that Plaintiff sent two separate letters to counsel for the Corporate Defendants and another to counsel for Mr. Southwick.[7] In both letters, Plaintiff clarifies vague and ambiguous language in order to provide defense counsel a clear understanding of the requests.[8] Plaintiff's counsel and counsel for Corporate Defendants met on June 5, 2007, in attempt to further clarify Plaintiff's requests.[9] Supplemental responses were served on June 15, 2007, after the June 5th meeting.[10] Despite Plaintiff's effort to clarify any vague or ambiguous language Corporate

---

[1] Oak Valley Investments, L.P.'s Motion to Compel Discovery and Request for Sanctions (Motion), docket no. 201, filed on July 10, 2007.
[2] Defendant Shawn Moore's Response . . . , docket no. 216, filed July 30, 2007.
[3] Motion at 2.
[4] See Memorandum in Support of Oak Valley Investments, L.P.'s Motion to Compel Discovery and Request for Sanctions (Memo in Support) at 5, docket no. 202 at 2, filed on July 10, 2007.
[5] Id.
[6] See Memorandum in Opposition to Motion to Compel and for Sanctions (Opposition Memo) at 2, filed on July 30, 2007.
[7] See Opposition Memo at 2; see also Memo in Support Exhibits A and D.
[8] See Memo in Support Exhibits A and D.
[9] See Opposition Memo at 2.
[10] Id.

Defendants and Mr. Southwick object to eighty percent of the requests on the basis that they are vague and ambiguous.[11]

Furthermore, Mr. Southwick asserts his Fifth Amendment privilege against self-incrimination and refuses to answer requests on that basis.[12]  Corporate Defendants claim that it is impossible for them to answer certain requests for admissions due to Mr. Southwick's assertion of the Fifth Amendment privilege.[13]

### Defendant Southwick's Fifth Amendment Privilege

Plaintiff contends that "by asserting [the] Fifth Amendment, the response by Mr. Southwick should be deemed as a failure to respond, and each of the responses should be deemed an admission."[14]  This would, however, infringe on his Fifth Amendment privilege and cannot be done.[15]

### Corporate Defendants' Reliance on Privilege

Corporate Defendants state that they are not able to respond to the requests based on the fact that Mr. Southwick has asserted his Fifth Amendment privilege.[16]  The privilege against self-incrimination does not extend to corporations.[17]  However, if the corporations are truly unable to "appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation,"[18] then the corporation may be excused from answering. However, no such evidence is before the court at the present time.  The corporations' reliance on Mr. Southwick's claim of privilege is improper at this time.

---

[11] *See* Reply Memorandum in Support of Motion to Compel (Reply Memo) at 3, docket no. 220, filed on August 8, 2007; *see also* Memo in Support Exhibits B and C.
[12] *See* Opposition Memo at 5; *see also* Memo in Support Exhibits A and D.
[13] *Id.*
[14] Reply Memo at 6.
[15] *Federal Deposit Ins. Corp. v. Logsdon,* 18 F.R.D. 57 (W.D. Ky 1955).
[16] Opposition Memo at 5.
[17] *U.S. v. Hansen Niederhauser Co., Inc.*, 522 F.2d 1037, 1039 (10th Cir. 1975).
[18] *U.S. v. Kordel* 397 U.S. 1, 8 (D. Mich. 1970).

**Specific Discovery Requests**

The court's work is hampered by the relatively general nature of the motion. The parties do address some specific discovery requests:

Interrogatory No. 1 seeks "a complete accounting of all funds received by you from Oak Valley for its investment in Apex Holding."[19] Corporate Defendants claim they produced some records and that they are unable to provide a complete accounting.[20] In responding to this motion, they provided a narrative response providing some further information.[21] It does not appear that any additional summary accounting information is forthcoming. The state of the record is that Corporate Defendants are unable to provide any accounting responsive to this interrogatory. Plaintiffs are entitled to make this statement in the course of trial.

Request for production no. 3 seeks Corporate Defendants' bank records.[22] They object that the request is overly broad and that production would intrude on other persons' privacy.[23] The breadth of the request is required by the admitted deficiencies in Corporate Defendants' records. The protective order in this case will adequately prevent privacy intrusions.[24] The request should be answered. The same analysis and result applies to request no. 6, seeking evidence of use of invested funds.

Request for production no. 4 seeks "documents constituting, referring, evidencing, or relating to the development of real property by the Apex Holding companies."[25] The Corporate Defendants objected that the request was "overly broad as to time and scope,"[26] but appear to say

---

[19] Corporate Defendants' Supplemental Responses . . . at 11, attached as Exhibit C to Memo in Support.
[20] Opposition Memo at 6.
[21] *Id.* at 7.
[22] Corporate Defendants' Supplemental Responses . . . at 13, attached as Exhibit C to Memo in Support.
[23] Opposition Memo at 8.
[24] Docket no. 88, filed February 1, 2007.
[25] Corporate Defendants' Supplemental Responses . . . at 13.
[26] *Id.*

they have produced documents – while admitting they did not analyze the records.[27]   The Corporate Defendants should identify documents supporting actually responsive to this request.

### Objections to Admissions

Corporate Defendants objected to sixteen requests for admissions, claiming vagueness or ambiguity.[28]  Nonetheless, answers were provided to all but four requests.[29]  The court has required the requested admissions and finds there is no basis for the objections of vagueness or ambiguity. Therefore, all those objections to the requests for admission are stricken, and the Corporate Defendants shall be bound by their responses already made and shall provide responses to the remaining four requests.

### Verification

The answers to interrogatories were not verified as the rule requires. This should be rectified.

### ORDER

IT IS HEREBY ORDERED that the Motion to Compel[30] is GRANTED IN PART.   Within 15 days Corporate Defendants shall respond to the discovery as directed in this order.

**WARNING**: All Defendants are again warned that failure to comply with a discovery obligation or with an order compelling discovery may result in sanctions which may include dismissal of claims and monetary awards.

---

[27] Opposition Memo at 8.
[28] Reply Memo at 3-4. Requests for Admissions 1-4; 7-16; and 18-20.
[29] Requests for Admissions 10, 15, 18 and 19.
[30] Docket no. 201.

IT IS FURTHER ORDERED that on or before September 21, 2007 Plaintiff may submit a verified statement of expenses, including reasonable attorney fees, related to the motion to compel, identifying and excluding from the total sums expended on the arguments regarding Southwick's assertion of his Fifth Amendment privilege.  Defendant shall file any responses by October 1, 2007.

September 7, 2007

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge