IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OAK VALLEY INVESTMENTS, L.P., | |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION and ORDER GRANTING IN PART MOTION FOR DISCOVERY SANCTIONS** |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, SHAWN H. MOORE, VESCORP CAPITAL, LLC, APEX HOLDING 1, LLC, APEX HOLDING 2, LLC, APEX HOLDING 3, LLC, APEX HOLDING 4, LLC, APEX HOLDING 5, LLC, APEX HOLDING 6, LLC, and APEX HOLDING 23, LLC, | Civil No. 2:06-CV-737 DB  District Judge Dee Benson  Magistrate Judge David Nuffer |
| Defendants and Third-Party Plaintiffs, | |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |
| JONATHAN H. HORNE, M.D., as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund, | |
| Plaintiff, | |
| vs. | |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, APEX MM, INC., SHAWN MOORE, VESCORP CAPITAL, LLC, and VEGAS VISTA 6, LLC, | |
| Defendants and Third-Party Plaintiffs, | |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |

Plaintiffs, Oak Valley Investments, L.P. and Jonathan H. Horne, M.D. as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund (collectively "Horne") filed a motion for discovery sanctions against all defendants except Shawn Moore.[1] The court has already granted motions to compel against these defendants and ordered them to file supplemental responses to the discovery requests along with verified interrogatories.[2] Plaintiffs now claim that Defendants have failed to comply with the court's order, impairing their ability to proceed in the case. Plaintiffs are requesting that the court sanction Defendants for this failure by striking Vegas Vista[3] Defendants' answer to the complaint filed by Horne. The court has repeatedly warned Defendants that failure to fully comply with the court's orders and respond in a timely matter could result in sanctions.[4]

Plaintiffs' memorandum suggested that Defendants had failed to produce initial disclosures,[5] but it appears that Vegas Vista Defendants have provided initial disclosures.[6]

Although Vegas Vista Defendants filed supplemental responses pursuant to the court's order, Plaintiffs assert that these responses are still deficient in two important respects: (1) Vegas Vista Defendants did not include a verified response to the interrogatories, as expressly required by the court; and (2) Vegas Vista Defendants did not respond to the document production request

---

[1] Docket no. 222.

[2] Memorandum Decision & Order, docket no. 210; Memorandum Decision & Order, docket no. 211; Memorandum Decision & Order, docket no. 234

[3] Vegas Vista Defendants include Vescor Capital Corp., Vescor Development, LLC, Vescorp Capital, LLC, Apex Holding 1, LLC, Apex Holding 2, LLC, Apex Holding 3, LLC, Apex Holding 4,LLC, Apex Holding 5, LLC, Apex Holding 6, LLC, Apex Holding 23, LLC, Apex MM, Inc.,and Vegas Vista 6, LLC.

[4] Order at 4, docket no. 210; Order at 5, docket no. 211; Order at 5, docket no. 234.

[5] Memorandum of Points and Authorities in Support of Motion for Imposition of Discovery Sanctions (Memorandum in Support) at 2-3, docket no. 223.

[6] Memorandum in Opposition to Motion to Compel and for Sanctions (Opposition), Exhibit A at 1-3, docket no. 232.

that required production of all documents reflecting ownership and development of real property by Vegas Vista 6.[7]

The Vegas Vista Defendants concede that their submissions have not been verified, and again argue that this is because Southwick has asserted his Fifth Amendment privilege and that "he may be the person most capable of verifying the submissions of the corporate defendants he controls."[8] In a previous order, the court informed Defendants that their reliance on Southwick's claim of privilege was improper and that they had not provided any evidence that they were unable to appoint an agent that could provide the information.[9] Vegas Vista Defendants have still not provided this evidence to the court, and the interrogatories must be verified as required by rule and the court's order.

In the supplemental discovery responses,[10] Vegas Vista Defendants did not provide any documents relevant to Request No. 6, which requested "[a]ll documents constituting, referring, evidencing, or relating to the acquisition and development of any real property by Vegas Vista."[11] Plaintiffs' counsel followed up with a letter[12] to counsel for Vegas Vista Defendants, noting the deficiency, and requesting the documents. No documents responsive to the request have been produced.

Based upon these failures to fully supplement the discovery responses as previously ordered by the court, sanctions as requested by Plaintiffs are appropriate against the Vegas Vista

---

[7] Memorandum in Support at 4.

[8] Oppositiion at 2 n.1.

[9] Order at 3, docket no. 234.

[10] *See* Memorandum in Support, Exhibit A; Opposition, Exhibit A.

[11] *Id.*

[12] *See* Memorandum in Support, Exhibit B

Defendants.  However, as the court has previously discussed,[13] it is not possible to infringe upon Defendant Southwick's Fifth Amendment privilege.[14]  Therefore, the court will not sanction Southwick for his assertion of privilege in response to discovery.

## ORDER

IT IS HEREBY ORDERED that the Motion for Imposition of Discovery Sanctions[15] is GRANTED against Vegas Vista Defendants only, and the court STRIKES Vegas Vista Defendants' answers to the complaint.

November 7, 2007

BY THE COURT:

\_\_\_\_s/David Nuffer_____
David Nuffer
U.S. Magistrate Judge

---

[13] *See* Order at 3, docket no. 234

[14] *See id*; *see also Rogers v. United States*, 340 U.S. 367, 374-75 (1951); *Camelot Group, Ltd. v. W.A. Krueger Co.,* 486 F.Supp.1221, 1228 (S.D.N.Y. 1980); *Federal Deposit Ins. Corp. v. Logsdon,* 18 F.R.D. 57 (W.D. Ky 1955).

[15] Docket no. 222.