IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OAK VALLEY INVESTMENTS, L.P., | |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION and ORDER DENYING MOTION TO HOLD INVESTMENT MANAGEMENT CORPORATION IN CONTEMPT OF COURT** |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, SHAWN H. MOORE, VESCORP CAPITAL, LLC, APEX HOLDING 1, LLC, APEX HOLDING 2, LLC, APEX HOLDING 3, LLC, APEX HOLDING 4, LLC, APEX HOLDING 5, LLC, APEX HOLDING 6, LLC, and APEX HOLDING 23, LLC, | |
| | Civil No. 2:06-CV-737 DB |
| | District Judge Dee Benson |
| Defendants and Third-Party Plaintiffs, | |
| vs. | Magistrate Judge David Nuffer |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |
| JONATHAN H. HORNE, M.D., as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund, | |
| Plaintiff, | |
| vs. | |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, APEX MM, INC., SHAWN MOORE, VESCORP CAPITAL, LLC, and VEGAS VISTA 6, LLC, | |
| Defendants and Third-Party Plaintiffs, | |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |

Plaintiffs, Oak Valley Investments, L.P. and Jonathan H. Horne, M.D. as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund (collectively "Horne") filed a motion[1] to hold non-party Investment Management Corporation (IMC) in contempt of court for its failure to comply with the order[2] compelling production of documents.

The court has already granted a motion to compel and ordered IMC to "provide information responsive to Paragraphs 4 and 5 of the subpoena duces tecum."[3] Because IMC argued that producing the information created customer confidentiality concerns,[4] the court also ordered that the information produced would be protected.[5] Plaintiffs now claim that IMC has failed to comply with the court's order compelling production, and are requesting that the court sanction IMC for this failure by ordering it to respond and pay $1,000 as a contempt sanction.[6]

IMC presents the court with an entirely new argument in opposition[7] to the motion to hold them in contempt. Previously, IMC claimed that customer confidentiality concerns prevented them from providing the list of clients requested in Paragraph 4 of the subpoena duces tecum.[8]

---

[1] Plaintiff's Motion to Hold Apex Holding 1, LLC, Vegas Vista VI, LLC, Val E. Southwick, and Shawn Moore in Contempt of Court (Motion), dkt. no. 236. Despite the heading title of this motion, the court has construed the motion as a Motion to Hold Investment Management Corporation in contempt because of the supporting memorandum filed concurrently with the motion. *See* Memorandum in Support of Motion to Hold Investment Management Corporation in Contempt of Court (Memorandum in Support), dkt. no. 237.

[2] Memorandum Decision and Order Granting Motion to Compel Testimony and Production of Documents by Investment Management Corporation and Brian Horne (Order Granting Motion to Compel), dkt. no. 213.

[3] *Id.* at 4.

[4] Memorandum in Opposition to Plaintiffs' Motion to Compel Testimony and Production of Documents by Investment Management Corporation and Brian Horne (Opposition to Motion to Compel) at 5, dkt. no. 161.

[5] Order Granting Motion to Compel at 4-5.

[6] Memorandum in Support at 3.

[7] Memorandum in Opposition to Motion to Hold IMC in Contempt of Court (Opposition), dkt. no. 238.

[8] *See id.* at 2 (quoting Paragraphs 4 and 5 of the subpoena duces tecum); The subpeona duces tecum is attached as Exhibit A to Memorandum in Support of Plaintiffs' Motion to Compel Testimony and Production of Documents by Investment Management Corporation and Brian Horne, dkt. no. 150, filed 5/1/07.

Now, IMC claims that it "does not maintain such a list,"[9] and that "[i]t has provided everything within its present possession, custody or control that is responsive to plaintiff's [sic] discovery."[10] IMC's failure to raise this issue previously creates questions about the assertion and IMC's general credibility. Yet, the court is unable to order IMC to produce something it does not have. Consequently, IMC will not be found in contempt. But should information come to light that IMC possessed the information requested and failed to produce it as ordered, contempt sanctions will result.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion to Hold Investment Management Corporation in Contempt of Court[11] is DENIED. But contempt sanctions may ensue if it is later discovered that IMC possessed the information requested in the subpoena and failed to produce it.

December 1, 2007

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[9] *Id.* at 3.

[10] *Id.* at 1.

[11] Dkt. no. 236.