IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OAK VALLEY INVESTMENTS, L.P., | |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION and ORDER GRANTING MOTIONS FOR DISCOVERY SANCTIONS** |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, SHAWN H. MOORE, VESCORP CAPITAL, LLC, APEX HOLDING 1, LLC, APEX HOLDING 2, LLC, APEX HOLDING 3, LLC, APEX HOLDING 4, LLC, APEX HOLDING 5, LLC, APEX HOLDING 6, LLC, and APEX HOLDING 23, LLC, | Civil No. 2:06-CV-737 DB  District Judge Dee Benson  Magistrate Judge David Nuffer |
| Defendants and Third-Party Plaintiffs, | |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |
| JONATHAN H. HORNE, M.D., as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund, | |
| Plaintiff, | |
| vs. | |
| VAL E. SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC, APEX MM, INC., SHAWN MOORE, VESCORP CAPITAL, LLC, and VEGAS VISTA 6, LLC, | |
| Defendants and Third-Party Plaintiffs, | |
| vs. | |
| BRIAN Y. HORNE and DOES 1 through 10, | |
| Third-Party Defendants. | |

Plaintiff, Oak Valley Investments, L.P. (Oak Valley) filed motions for discovery sanctions against defendants Vescorp Capital, LLC Apex Holding 1, LLC, Apex Holding 2, LLC, Apex Holding 3, LLC, Apex Holding 4, LLC, Apex Holding 5, LLC, Apex Holding 6, LLC, and Apex Holding 23, LLC (Apex Defendants).[1]  The court has already granted a motion to compel against these defendants and ordered them to file supplemental responses to the discovery requests along with verified interrogatories.[2]  Oak Valley now claims that Apex Defendants have failed to adequately supplement the discovery responses as ordered by the court, and requests that the court sanction Apex Defendants for this failure by striking their answer to the complaint filed by Oak Valley.  The court has warned Defendants that failure to fully comply with the court's orders and respond in a timely manner could result in sanctions.[3]

Oak Valley asserts that the supplemental responses filed by Apex Defendants pursuant to the court's order are still deficient in several respects: (1) Apex Defendants have not provided bank records first requested in April 2007; (2) although previously promised, Apex Defendants have not provided the additional general ledgers relating to the development of real property; and (3) Apex Defendants did not include a verified response to the interrogatories, as expressly required by the court.

In their supplemental responses,[4] Apex Defendants stated, "responsive bank records will be produced to plaintiff's counsel as soon as they can be located and copied."[5]  To date, the bank

---

[1] Motion for Imposition of Discovery Sanctions, dkt. no. 246 (filed with incorrect supporting memorandum, dkt. no. 247); Motion for Imposition of Discovery Sanctions, dkt. no. 259 (filed with corrected supporting memorandum, dkt. no. 260).

[2] Memorandum Decision & Order, docket no. 234.

[3] *Id.* at 5.

[4] Supplemental responses dated September 24, 2007, attached as Exhibit A to Motion for Imposition of Discovery Sanctions, dkt. no. 259.

[5] Supplemental responses at 5.

records have not been produced. Additionally, Apex Defendants did not provide the additional general ledgers promised in response to Request No. 4, which requested "[a]ll documents constituting, referring, evidencing, or relating to the development of any real property by Apex Holding."[6] Although Apex Defendants claim they have numerous documents,[7] they have failed to comply with the court's order and identify which documents relate to the seven discrete lots identified as Apex property.

Apex Defendants concede that their submissions have not been verified because their employees or agents have asserted their Fifth Amendment privilege.[8] In a previous order, the court informed Defendants that their reliance on Southwick's claim of privilege was improper and that they had not provided any evidence that they were unable to appoint an agent that could provide the information.[9] Apex Defendants have not provided this evidence to the court, and the interrogatories must be verified as required by rule and the court's order.

Based upon these failures to fully supplement the discovery responses as previously ordered by the court, sanctions as requested by Plaintiffs are appropriate against the Apex Defendants.

---

[6] *Id.*

[7] *Id.* at 5-6.

[8] *Id.* at 9.

[9] Order at 3, docket no. 234.

## ORDER

IT IS HEREBY ORDERED that the Motions for Imposition of Discovery Sanctions[10] are GRANTED against Apex Defendants. The court STRIKES Apex Defendants' answers to the complaint.

January 3, 2008

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[10] Dkt. nos. 246 & 259.